UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In Re:

NORMA V. ROBINSON,

Debtor(s).

Case No.: 1-18-44548-cec

Chapter 13

------------------------------------------------------------------x

### **RESPONSE AND OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

I, Solomon A. Frager an attorney admitted to the practice of law in the Northern District of New York, am an Associate at the law firm Dorf & Nelson LLP, attorneys for Creditor U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-MX1 ("U.S. Bank"), respectfully objects to the Debtors' Proposed Chapter 13 Plan filed on September 17, 2018 (the "Plan") for the reasons set forth herein.

1. On July 21, 2006, Norma V. Robinson borrowed the principal sum of $412,000.00 from U.S. Bank's predecessor, JPMorgan Chase Bank, N.A. ("Chase"). As evidence of the Debtors promise to repay the loan, Norma V. Robinson, executed a note, dated July 21, 2006 in favor of Chase (the "Note").

2. In order to collateralize the aforesaid obligation, Norma V. Robinson executed, acknowledged, and delivered a mortgage to Chase on July 21, 2006, encumbering the Subject Property in the principal amount of $412,000.00 (the "Mortgage"), which was recorded in the Queens County Office of the New York City Register on June 18, 2009 at CRFN 2009000185384.

3. Thereafter, the Note and the Mortgage were duly assigned by Chase to U.S. Bank National Association, as trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series

1

2007-MX1 as evidenced by purchase and delivery of the underlying Note and Mortgage and as evidenced by the execution of an assignment of mortgage dated February 4, 2015, which was recorded in the Queens County Office of the New York City Register on May 19, 2015, at CRFN 2015000166770 (the "Assignment").

4. As evidenced by the Complaint filed in the Foreclosure Action, Norma V. Robinson defaulted in making payments to U.S. Bank as required under the terms of the Note and Mortgage by failing to make the monthly payment due on October 1, 2013, and each month thereafter. As a result of Debtors' default, U.S. Bank commenced the Foreclosure Action by filing of a Notice of Pendency, Summons, and Complaint in the Queens County Clerk's Office on October 28, 2015 bearing Index Number 711218/2015.

5. Based upon a review of Debtor's proposed plan and ancillary filings, and upon information and belief, the Plan does not comply with the provisions of 11 U.S. Code § 1325. It is further respectfully submitted that the current bankruptcy action is not filed in good faith, but rather, is being utilized as a method to delay the foreclosure sale of the Subject Property at issue. Accordingly, U.S. Bank requests this Court to deny confirmation of the Plan.

## DEBTOR'S PLAN SHOULD NOT BE CONFIRMED

6. According to my review of US Bank's records, and based on what has been represented to me by representatives of Ocwen Loan Servicing as Servicer for US Bank, as of September 21, 2018, the total outstanding debt owed pursuant to the Note was $559,059.22.

7. The Debtor's petition states that she owns two properties in fee simple. The first is the Collateral that secures the Note ("Ocwen Property"). The second is an investment property located at 119-35 Guy R. Brewer Blvd, Saint Albans, New York 11412 ("Investment Property").

Debtor lists the value of the Ocwen Property at $546,000.00. <u>See</u> Schedule A/B Part 1 of Debtor's Petition.

8.  According to the Debtors' petition, it does not appear as though they are claiming a homestead exemption for the Subject Property. <u>See</u> Schedule C Part 1 of Debtor's Petition.

9.  As stated in the Plan, the Debtors propose to submit sixty (60) monthly payments of $3,255.00 to the supervision and control of the trustee for payment to the creditors; equaling $195,300.00 in total payments over the course of the sixty months. <u>See</u> Debtor's Chapter 13 Plan at ¶ 2.1.

10. This total amount would not even cover 40% of the amount owed to U.S. Bank, and is thus prima facie insufficient.

11. In any event, as stated herein, Debtor's Plan is also not viable and compliant with 11 U.S. Code § 1325. Accordingly, US Bank objects to the Plan for the reasons stated below.

12. In order for a Chapter 13 plan to be confirmed when a debtor has creditors with secured claims, one of three conditions must be satisfied: (a) the secured creditor accepts the plan in accordance with 11 U.S.C. § 1325(a)(5)(A), (b) the debtor surrenders the property securing the claim to the creditor, per § 1325(a)(5)(C), or (c) the debtor invokes what is sometimes referred to as the "cram down" option per § 1325(a)(5)(B). <u>In re Boodrow</u>, 126 F.3d 43, 60 (2d Cir. 1997).

13. In this case, US Bank does not accept the Plan. As such, subsection (a) does not apply.

14. Similarly, Debtor is not offering to surrender the Subject Property, so subsection (c) does not apply.

15. The only remaining option is subsection (b), i.e. the "cram down" option. However, in order to be confirmed under this provision a number of requirements must be met, which are not met here.

16. At the outset, it is unquestionable that the instant proceeding is submitted in bad faith. As such, this plan should not be confirmed pursuant to § 1325(a)(7).

17. Next, it appears the requirements of § 1325(a)(5)(B)(ii) are not met, since the value, as of the effective date of the Plan, of the property to be distributed under the Debtor's Plan is less than the allowed amount of U.S. Bank's claim.

18. The Debtor seeks to recapitalize the arrears to create a new principal balance of $545,460.00. However, this is proposed modified principal balance is thousands of dollars below the actual amount owed.

19. Moreover, the debtor seeks a 40 year term extension. This is unreasonable given the fact that U.S. Bank has not received a mortgage payment in well over five (5) years, the original term of the loan was fifteen (15) years and the loan is scheduled to mature in approximately three (3) years – 2021.

20. Lastly, the plan must be financially viable pursuant to 11 U.S.C. § 1325(a)(6). However, based on the information contained in the plan and the Debtor's schedules, the Plan does not appear to be viable and should not be confirmed.

21. 11 U.S.C. § 1325(a)(6) requires that for a plan to be confirmable, the debtor must be able to make all payments under the Plan and comply with the terms of the Plan.

22. As stated in the Schedules, Debtor's total monthly take-home net pay is $8,370.00. According to the Debtor's Schedules his total monthly expenses are $6,689.00. So, according to the debtor's own schedules, their operating monthly net income is only $1,681.00

As such, the debtor's proposal to pay $3,255.00 per month towards her secured and unsecured debts (which includes an investment property), to modify the instant loan to a PITI payment of about $2,800.00, is simply not financially feasible given her net income. Even after modifying her loan in accordance with her own proposal, the Debtor will be unable to a monthly payment of $6,055 without a high risk of re-default.

23. Based on the foregoing, US Bank does not accept the Plan and submits the within objection pursuant to 11 U.S.C. 1325.

**WHEREFORE**, it is respectfully requested that this Court decline to confirm the Plan along with any other and further relief as this Court deems just and proper.

Dated: Rye, New York
       October 17, 2018

_____
Solomon A. Frager