UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In Re:

Robinson, Norma, V.

                                  Debtor.

Case No. 1-18-44548-cec

Chapter 13

-----------------------------------------------------------------------x

## OBJECTION TO DEBTOR'S REQUEST FOR LOSS MITIGATION ORDER

I, Michael J. Willey, an attorney admitted to the practice of law in the Eastern District of New York, am an associate in the law firm Dorf & Nelson LLP, attorneys for Creditor, U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2007-MX1 ("U.S. Bank"), affirms under penalty of perjury as follows:

1.    This Objection is submitted in response to the Loss Mitigation request by Debtor Norma V. Robinson ("Debtor"), purportedly filed on October 12, 2018 (the " Debtor's Loss Mitigation Request").

2.    According to my review of U.S. Bank's records, U.S. Bank is the current owner and holder of a Note, dated July 21, 2006, originally executed by the Debtor in favor of JPMorgan Chase Bank, N.A. ("JPMorgan") evidencing a debt and promise to repay a loan in the amount of $412,000.00 (the "Note").

3.    According to my review of U.S. Bank's records, in order to secure the repayment of this obligation under the Note on July 21, 2006, the Debtor executed a Mortgage in favor of JPMorgan in the original principal amount of $412,000.00, encumbering real property known as: 190-15 Linden Blvd. Saint Albans, New York 11412 (the "Collateral"). The mortgage was duly recorded on June 18, 2009 in the Office of the City Register of the City of New York at CRFN: 2009000185384 (the "Mortgage").

4.      Subsequently, JPMorgan duly transferred and assigned the Note and Mortgage to U.S. Bank as evidenced by the Assignment of Mortgage dated February 4, 2015, which was duly recorded on May 19, 2015 in the Office of the City Register of the City of New York at CRFN: 2015000166770 (the "Assignment of Mortgage").

5.      According to my review of U.S. Bank's records, the Debtor defaulted on the terms of the Note and Mortgage by failing to make payment due on or about October 1, 2013, and all payments thereafter. As a result, U.S. Bank commenced a foreclosure action in the Supreme Court of the State of New York, County of Queens, bearing the Index No. 711218/2015 (the "Foreclosure Action") to foreclose the Collateral.

6.      According to my review of U.S. Bank's records, and based on what has been represented to me by representatives of Ocwen Loan Servicing, LLC., the servicer for U.S. Bank, the total outstanding debt owed pursuant to the Note was $559,059.22 as of September 21, 2018.

7.      According to my review of U.S. Bank's records, the maturity date, as evidenced under the Note is August 1, 2021.

8.      Pursuant to the United States Bankruptcy Court, Eastern District of New York E.D.N.Y. General Order #582 Section V(D), the court shall *not* enter a Loss Mitigation Order until U.S. Bank's objection to Loss Mitigation Request – By Debtor has been heard.

9.      This case does not warrant loss mitigation conferences because, put simply, a loan modification which is the primary basis for a Loss Mitigation Order, <u>is not financially viable according to the Debtor's own reported income illustrated by the Debtor's own schedules</u>. The Debtor's petition states that she owns two properties in fee simple. The first is the Collateral that secures the Note. The second is an investment property located at 119-35 Guy R. Brewer Blvd, Saint Albans, New York 11412 (the "Debtor's Second Investment Property"). Debtor lists the

value of the Collateral at $546,000.00. *See* Schedule A/B: Property, Part 1 of Debtor's Petition.

10. According to Debtor's petition, Debtor is employed and generates monthly gross income in the amount of $10,917.00. *See* Schedule I: Your Income, Part 2 of Debtor's Petition. In addition, the Debtor purportedly receives a $1,000.00 contribution from a non-filing spouse, which equates to a total of $11,917.00 in total gross monthly income. *Id.*

11. Based upon a review of the Debtor's filings, U.S. Bank's internal records, and communications with Ocwen Loan Servicing, LLC, the Debtor's own expenses prove that a loan modification is *prima facie* unaffordable.

12. U.S. Bank has a process for submission and review of requests for loan modification which includes a waterfall analysis based on the Debtor's purported income.

13. Pursuant to said standards, the Debtor, Debtor's Submitted Schedules, and according to my communication with U.S. Bank's servicer, the Debtor would not qualify for a modification given her income and expenses. Specifically, the Debtor's alleged gross monthly income of $11,917.00 is entirely insufficient for U.S. Bank to structure an affordable monthly mortgage payment. As the Court is aware, federal guidelines and most underwriting principles recommend that any modified monthly payment of Principal, Interest, Taxes and Insurance ("PITI") should not exceed thirty-five (35%) of a Debtor's gross monthly income. Therefore, in order for the Debtor to qualify under a modification waterfall analysis, U.S. Bank is required to structure a modified PITI payment which does not exceed $4,170.95.

14. As will be demonstrated below, based purely on the math, a payment simply cannot be structured within this range as there are two mortgages for which the Debtor has obligations towards.

15. First, aside from incorporating the principal and interest payments that are

essential to the terms of a modification; the Debtor is required to make the ongoing taxes and insurance ("TI") payments. The taxes alone for the Collateral are in the amount of $4,168.32 per annum or $347.36 per month. This portion of the Debtor's monthly mortgage payment is, of course, non-negotiable and will increase or decrease beyond the control of U.S. Bank. In addition to taxes, the Debtor is required to maintain insurance for the Collateral, typically costing another $2,000.00 per year or $166.66 monthly. So, the estimated total amount of TI owed monthly is $514.02.

16. The payoff amount as of September 21, 2018 is $559,059.22 and the maturity date under the terms of the Note and Mortgage is 2021, and was initially originated as a 15 year loan. Even if U.S. Bank agreed to re-amortized the debt for a new 15 year term (2018 until 2033), and charged an interest rate of 4.5% (which is well below market rate) over the duration of that time, the Debtor's Principal and Interest payment would be approximately $4,277 (this alone exceeds the target PITI payment). Once the monthly taxes are added to the principal and interest payment, it results in a modified monthly mortgage payment of approximately $4,791.02, well above the PITI target ratio.

17. As a side note, during the course of the Debtor's default, U.S. Bank has expended a staggering $29,562.34 in escrow advances as of September 21, 2018 and continues to expend significant resources in the preservation of their interest in the Collateral. While U.S. Bank has dutifully carried out the Debtor's obligation to pay taxes and other expenses, the Debtor has continued to live rent free in the Subject Premises and collect rental income without making a single payment towards their obligations under the terms of the Note and Mortgage.

18. For these reasons, U.S. Bank implores this Court to deny another blatant attempt by the Debtor to delay foreclosure proceedings by submitting a loss mitigation request, full

knowing that a modification is simply not plausible.

19. It is noteworthy that neither of the aforementioned calculations disputes the Debtor's income as outlined in the filed schedules; although, U.S. Bank submits that the Debtor's schedules and purported income is highly questionable.

20. Based on the foregoing, U.S. Bank objects to Debtor's request for loss mitigation, and request that this Court deny the Debtor's request for Entry into Loss Mitigation or the Entry of a Loss Mitigation Order in its entirety.

**WHEREFORE**, it is respectfully requested that this Court decline to grant Debtor's request for loss mitigation in this matter, and any other and further relief as this court deems just and proper.

Dated: Rye, New York
October 19, 2018

DORF & NELSON LLP

_____
Jonathan B. Nelson, Esq.
Michael J. Willey, Esq.
*Attorneys for U.S. Bank*
555 Theodore Fremd Ave.
Rye, New York 10580
Tel.: (914) 381-7600
Fax: (914) 381-7608