UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In Re:

Norma V. Robinson,

                              Debtor.
------------------------------------------------------------------------x

Case No. 1-18-44548-608

Chapter 13

## RESPONSE AND OBJECTION TO DEBTOR'S AMENDED CHAPTER 13 PLAN

    I, Solomon A. Frager, an attorney admitted to the practice of law in the Eastern District of New York, and am a member of the law firm Dorf & Nelson LLP, attorneys for Creditor, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-MX1 ("U.S. Bank") respectfully objects to the Debtors' Amended Proposed Chapter 13 Plan filed on March 29, 2019 and April 3, 2019 (the "Plan") for the reasons set forth herein.

    1.    U.S. Bank is the owner and holder of a mortgage encumbering real property located at: 190-15 Linden Blvd., Saint Albans, New York 11412 ("Subject Property"), owned by the Debtor, as well as the underlying promissory note secured thereby, dated July 21, 2006 (the "Note"). A true and correct copy of the Note as provided to me by my client is annexed hereto, as **Exhibit "A"**.

    2.    In order to collateralize the aforesaid obligation, Debtor, on the same day executed, acknowledged, and delivered a mortgage to JPMorgan Chase Bank, N.A. ("JPMorgan") encumbering the Subject Property in the principal amount of $412,000.00 (the "Mortgage"), which was recorded in the Queens County Office of the New York City Register, on June 18, 2009 at CFRN: 2009000185384, and thereafter duly assigned from JPMorgan to U.S. Bank as evidenced by an Assignment of Mortgage dated February 3, 2015 and recorded on

May 19, 2015 in the Queens County Office of the New York City Register at CRFN: 2015000166770. True and correct copies of the Mortgage and the Assignment of Mortgage, as recorded in land records are annexed hereto, as **Exhibits "B"** and **"C"**, respectively.

3. According to my review of U.S. Bank's records, Debtor defaulted under the terms of the Note and Mortgage, and a foreclosure action was thereafter commenced in the State of New York upon the filing of a Notice of Pendency, Summons, and Complaint in the Queens County Clerk's Office on October 28, 2015, bearing the Index Number: 711218/2015 (the "Foreclosure Action"). True and correct copies of the Summons and Complaint and Notice of Pendency file in the Foreclosure Action are annexed hereto, as **Exhibit "D"**.

4. On or about August 3, 2018 U.S. Bank filed a motion for a Judgment of Foreclosure and Sale. The motion for Judgment of Foreclosure and Sale remains undecided and is stayed by the instant bankruptcy.

5. It is respectfully submitted that the current bankruptcy action is not filed in good faith, but rather, is utilized as a method to delay the foreclosure sale of the Subject Property at issue.

## DEBTOR'S PLAN SHOULD NOT BE CONFIRMED

6. Based upon a review of Debtor's filings, and upon information and belief, the Plan does not comply with the provisions of 11 U.S. Code § 1325. Accordingly, U.S. Bank requests this Court to deny confirmation of the Plan.

7. According to my review of US Bank's record, and based on what has been represented to me by representatives of Ocwen Loan Servicing as Servicer for U.S. Bank, as of April 12, 2019 the total outstanding debt owed pursuant to the Note was $586,108.29. As such, it appears the amount owed under the terms of the Note exceeds the value of the subject property.

8. Further, according to the Debtor's petition, Debtor owns two properties in fee simple: (a) 190-15 Linden Blvd., Saint Albans, New York and (b) 119-35 Guy R. Brewer Blvd., Saint Albans, New York 11412. The property known as 190-15 Linden Blvd is the property which secures the debt owed to U.S. Bank. The Debtor lists the value of the US Bank property as $546,000.00. *See* Schedule A/B Part 1 of Debtor's Petition.

9. The Debtor list the value of the 119-35 Guy R. Brewer Blvd. property as $702,000.00. It is unclear whether any amounts owed are due relating to this property.

10. Debtor filed her First proposed Chapter 13 Plan on March 29, 2019 and amended this plan on April 3, 2019.

11. As stated in the Plan, Debtor proposes to submit seven (7) monthly payments of $3,255.00 and fifty-three (53) monthly payments of $4,630.00 to the supervision and control of the trustee for payment to the creditors. See Debtor's Chapter 13 Plan at ¶ 2.1.

12. Accordingly, Debtor's plan calls for the total payment of $268,175.00 over the course of sixty (60) months. This amount is expected to pay in full all claims entitled to priority under 11 U.S.C. § 507.

13. Based on several grounds as stated herein, U.S. Bank vehemently objects to the confirmation of the plan.

14. In order for a Chapter 13 plan to be confirmed when a debtor has creditors with secured claims, one of three conditions must be satisfied: (a) the secured creditor accepts the plan in accordance with 11 U.S.C. § 1325(a)(5)(A), (b) the debtor surrenders the property securing the claim to the creditor, per § 1325(a)(5)(C), or (c) the debtor invokes what is sometimes referred to as the "cram down" option, per § 1325(a)(5)(B). *In re Boodrow*, 126 F.3d 43, 60 (2d Cir. 1997).

15. Here, the secured creditor does not accept the plan nor does the debtor surrender the property.

16. Under the third "cram down" option, a number of requirements must be met.

17. Primarily, the lien remains in place until the earlier of (i) discharge under the Plan, or (ii) satisfaction of the secured claim pursuant to non-bankruptcy law. In this instance, the earlier event under § 1325(a)(5)(B)(i) would presumably be discharge under the Plan, since the Debtor does not indicate any ability to repay the debt outside of the parameters of a Chapter 13 Bankruptcy. *In re Boodrow*, 126 F.3d 43, 60 (2d Cir. 1997).

18. However, the Debtor does not propose or even assert any ability to pay U.S. Bank's debt in accordance with § 1325(a)(5)(B)(i). According to the Debtor's own Schedules, the current value of the property is $546,000.00. However, the Debtor only proposes to pay $268,175.00 towards U.S. Bank's secured debt – a fraction of the value of the property and the total amount owed. Thus, Debtor's own plan demonstrates an indisputable failure to comply with § 1325(a)(5)(B)(i).

19. It also does not appear as though the requirements of § 1325(a)(5)(B)(ii) are met, since the value, as of the effective date of the plan, of property to be distributed under the Debtor's Plan is less than the allowed amount of U.S. Bank's claim.

20. Lastly, the Debtor's Plan does not appear to be viable and as such, should also not be confirmed due to a failure of viability.

21. According to 11 U.S.C. § 1325(a)(6), in order for a plan to be confirmable, the debtor must be able to make all payments under the Plan and comply with the terms of the Plan.

22. As stated in the Schedules, Debtor's total monthly take-home pay (including the non-filing debtor's income) is $8,370.00. So, the plan payment (which is exclusive of all other

expenses) is more than half of the debtor's monthly income. A mortgage payment (or in this case plan payment in lieu of a mortgage payment) which is more than half of a debtor's gross monthly income is prima facie unaffordable according to all underwriting standards. Therefore, the plan is simply not financially viable and should not be confirmed pursuant to 11 U.S.C. § 1325(a)(6).

23. Based on the foregoing, US Bank does not accept the Plan and submits the within objections pursuant to 11 U.S.C. 1325(a)(5) and (6).

**WHEREFORE**, it is respectfully requested that this Court decline to confirm the Plan along with any other and further relief as this Court deems just and proper.

Dated: Rye, New York
April 16, 2019

_____
Solomon A. Frager, Esq.