UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In Re:

Norma V. Robinson,

                                   Debtor.
---------------------------------------------------------------x

Case No. 1-18-44548-cec

Chapter 13

## AFFIRMATION IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. § 362(D) FOR RELIEF FROM AUTOMATIC STAY

I, Solomon A. Frager, Esq., being duly sworn, state and depose as follows:

1. I am an attorney duly admitted to the practice of law in the Eastern District of New York, and am an associate of the law firm Dorf & Nelson, LLP, attorneys for the Creditor, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-MX1 (hereinafter, "U.S. Bank"). As such, I am fully familiar with the facts, circumstances, prior pleadings, and proceedings heretofore had herein.

2. On August 6, 2018, the above-captioned debtor, Norma V. Robinson (hereinafter, the "Debtor"), filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York (the "Debtor's Petition").

3. U.S. Bank is the owner and holder of a mortgage encumbering real property located at: 190-15 Linden Boulevard, Saint Albans, New York 11412 (the "Subject Property"), owned by Debtor, as well as the underlying note secured thereby. Debtor executed the mortgage and executed the underlying note.

4. Debtor is a named defendant in U.S. Bank's foreclosure action, entitled *U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates,*

*Series 2007-MX1 v. Norma Robinson*, *et. al.,* bearing Index No. 711218/2015 in the Supreme Court of the State of New York, County of Queens (the "Related Foreclosure Action").

5. U.S. Bank now moves pursuant to 11 U.S.C. §§ 362(d)(1) and (2) for an Order granting relief from the automatic stay of the Foreclosure Action, so that U.S. Bank may proceed with scheduling and holding a foreclosure auction and sale of the Subject Property in accordance with the Judgment of Foreclosure and Sale duly entered in the Related Foreclosure Action.

## STATEMENT OF FACTS

6. On July 21, 2006, the Debtor borrowed the principal sum of $412,000.00 from U.S. Banks' predecessor, JPMorgan Chase Bank, N.A. ("JPMorgan"). As evidence of Debtor's promise to repay the loan to JPMorgan, the Debtor executed a note, dated July 21, 2006, in favor of JPMorgan (the "Note"). A true and correct copy of the Note is annexed to the relief from stay worksheet as **Exhibit "A"**.

7. In order to collateralize the aforementioned obligation, on or about July 21, 2006, the Debtor executed, acknowledged, and delivered to JPMorgan a mortgage encumbering the Subject Property in the original principal amount of $412,000.00, which was duly recorded on June 18, 2009, in the Queens County Office of the New York City Register at CRFN: 2009000185384 (the "Mortgage"). A true and correct copy of the Mortgage, as it appears in the land records is annexed to the relief from stay worksheet as **Exhibit "B"**.

8. Thereafter, the Note and Mortgage were duly transferred and assigned from JPMorgan to U.S. Bank, as evidenced by an assignment of mortgage dated February 4, 2015, and recorded in the Queens County Office of the New York City Register on May 19, 2015, at CRFN: 2015000166770 (the "Assignment of Mortgage"). A true and correct copy of the

Assignment of Mortgage as it appears in the land records is annexed to the relief from stay worksheet as **Exhibit "C"**.

9. As evidenced by the Complaint filed in the Related Foreclosure Action, the Debtor defaulted in making payments to U.S. Bank as expressly required under the Note and Mortgage by failing to make the monthly payments due on October 1, 2013 and each month thereafter. As a result of the default, U.S. Bank commenced the Related Foreclosure Action by filing a Notice of Pendency, Summons, and Complaint in the Office of the Queens County Clerk on or about October 28, 2015.

10. By Order dated March 19, 2018, the Hon. Denis Butler granted Plaintiff's motion for Summary Judgment and an Order of Reference. A true and correct copy of the Order of the Hon. Denis Butler dated March 19, 2018 is annexed hereto as **Exhibit "D"**.

11. According to my review of the records and based on what has been represented to me by the representatives of Ocwen Loan Servicing, LLC, the servicer for U.S. Bank, the total outstanding debt due and owing to U.S. Bank pursuant to the Note and Mortgage is $687,233.76 as of the proof of claim filing date.

## ARGUMENT

12. Pursuant to 11 USC § 362(d), a bankruptcy court may lift an automatic stay with respect to actions against property on several grounds. Specifically, the Court may appropriately grant an application to lift the automatic stay if any of the following can be demonstrated: (1) if cause can be shown, including a lack of adequate protection of the interest in real property, (2) if the debtor does not have any equity in such property and the property is not necessary to an effective reorganization, (3) in cases of single asset real estate where the creditor has a secured interest in said real estate and other conditions are not timely met by the Debtor, and (4) if the

court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval or multiple bankruptcy filings affecting such real property. 11 U.S.C. § 362 (d)(1) –(4)1.

13. In this case, provisions 362 (d)(1) and (2) may apply. First, there is a substantial showing that U.S. Bank is not adequately protected. From the information provided by the Debtor, the value of the Subject Property is not sufficient to satisfy the outstanding debt owed pursuant to the Note and Mortgage. While the outstanding amount due continues to accrue interest, the value of the Subject Property only continues to be jeopardized.

14. Additionally, upon information and belief, no post-petition or adequate protection payments have been tendered by the Debtor to U.S. Bank since the filing of the Petition.

15. Moreover, the Foreclosure Action was commenced approximately four (4) years ago and, despite diligent prosecution, U.S. Bank has been unable to enforce its lien against the collateral to date. Upon information and belief, the Debtor continues to enjoy the use and possession of the Subject Property, subjecting the Subject Property to normal occupational wear and tear and causing the property to depreciate in value. The continued use of said Subject Property will eventually render it valueless, causing irreparable damage to U.S. Bank's interest in the Property. Based on this, this Court should grant the present application pursuant to 11 U.S.C. § 362 (d)(1).

16. Next, 11 U.S.C. § 362 (d)(2) may also apply. Currently, according to documentation annexed to the Relief from Stay Worksheet submitted herewith, the value of the property is less than the debt owed to U.S. Bank. Moreover, the debt owed to U.S. Bank continues to increase and accrue interest while the mortgaged premise is subjected to

occupational wear and tear. There is no equity remaining in the property and the gap continues to widen with each passing day.

17. Moreover, it is clear the subject property is not necessary for an effective reorganization.

18. At the outset, the debtor has the burden to prove that a property is necessary to an effective reorganization. It is not U.S. Bank's burden to demonstrate this prong of 11 U.S.C. 362(d)(2).

19. In any event, for a property to be necessary to an effective reorganization of a debtor, within the meaning of § 362(d)(2)(B), it must be demonstrated that an effective reorganization is realistically possible; the mere fact that the property is indispensable to the debtor's survival is insufficient. *In Re Discount Wallpaper Center, Inc.,* 19 B.R. 221, 222 (Bankr.M.D.Fla.1982); *In Re Dublin Properties,* 12 B.R. 77, 80 (Bankr. E.D.Pa. 1981). In that regard, in order for a property to be deemed necessary for an effective reorganization, a debtor must be able to demonstrate that there is a reasonable possibility of a successful reorganization within a reasonable time. *See, e.g., Carteret Sav. Bank v. Nastasi–White, Inc. (Matter of East–West Assocs.),* 106 B.R. 767, 774 (S.D.N.Y.1989); *Travelers Life & Annuity Co. v. Ritz–Carlton of D.C., Inc. (In re Ritz–Carlton of D.C., Inc.),* 98 B.R. 170, 172 (S.D.N.Y.1989); *In re Building 62 Ltd. Partnership,* 132 B.R. 219, 222 (Bankr.D.Mass.1991); *In re Broad Assocs. Ltd. Partnership,* 110 B.R. 632, 636 (Bankr.D.Conn.1990); *Homestead Sav. & Loan Ass'n v. Associated Investors Joint Venture (In re Associated Investors Joint Venture),* 91 B.R. 555, 558 (Bankr.C.D.Cal.1988); *In re National Real Estate Ltd. Partnership,* 87 B.R. 986, 990 (Bankr.E.D.Wis.1988); *Grand Sports,* 86 B.R. at 975 ("[D]ebtor must do more than evince high

hopes…. [S]incerity, honesty, willingness, and visionary promises will not support a conclusion that there is a reasonable possibility of a successful reorganization.").

20. U.S. Bank has engaged in settlement discussions with debtor on multiple occasions. On each occasion, discussions resulted in the parties failing to assent on a mutually agreeable resolution. The last such occasion was on or about March 11, 2019. A true and correct copy of the loan modification denial letter dated March 11, 2019 is annexed hereto as **Exhibit "E"**.

21. It is clear from the long history between Debtor and U.S. Bank that a reasonable possibility for a successful reorganization within a reasonable amount time is simply not possible. Indeed, U.S. Bank has on multiple occasions attempted to negotiate a settlement of the debt, but has been unable to structure a mutually beneficial arrangement. As such, U.S. Bank should be afforded relief pursuant to 11 U.S.C. 362(d)(2).

22. To protect the value of the Subject Property and U.S. Bank's interest, U.S. Bank requests that the fourteen day provision pursuant to FRBP § 4001(a)(3) be waived.

**WHEREFORE**, it is respectfully requested, that after such notice and hearing upon this motion as the Court deems appropriate, that the automatic stay be lifted pursuant to 11 U.S.C. 362(d)(1) and (2) in order for U.S. Bank to move forward with foreclosure of the Subject Property and in rem relief granted to prevent future abuses.

Dated: Rye, New York
      April 24, 2019

_____
Solomon A. Frager, Esq.